IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JIMMY P. NGUYEN<br><br>　　　　　Defendant. | **4:24CR3028**<br><br>**ORDER** |

　　　　Before the Court in a closed case is Jimmy P. Nguyen's Motion to Compel Defense Counsel to Surrender the Case File in the Above Styled Action to the Defendant of the Case. Filing No. 39. Nguyen, a federal inmate proceeding pro se, seeks materials related to his underlying criminal case from his Federal Public Defender including: (1) "[a]ll discovery available by standing court order," (2) "all court filings, motions, responses, and orders," and (3) "Defendant's sentencing hearing transcripts." *Id.* The Court denies the motion as premature.

　　　　Nguyen's motion is premature because there is no pending case that would allow the Court to provide the relief Nguyen seeks. The underlying criminal case is closed, and Nguyen has not yet filed a petition for post-conviction relief under 28 U.S.C. § 2255 or any other lawsuit. Therefore, there is no "case" or "controversy" pending before the Court and Court has no power to compel production of any materials from Nguyen's counsel. U.S. Const. art. III § 2. If Nguyen files a timely petition under 28 U.S.C. § 2255[1] and the

---

[1] 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."); Rules Governing Section 2254 Cases and Section 2255 Proceedings Rule 2(b) (providing that a 2255 motion "must specify all the grounds for relief available to the moving party;" "state the facts supporting each ground;" "state the relief requested;" "be printed, typewritten, or legibly handwritten; and" "be signed under penalty of perjury by the movant or by a person authorized to sign for the movant")

Court concludes it can move forward after initial review,[2] Nguyen will have the opportunity to seek any discovery necessary to substantiate the allegations in his petition, including discovery from his Federal Public Defender.[3] Therefore, while the Court currently lacks authority to provide Nguyen the relief he seeks, this order does not prejudice him from reraising this issue down the road once he files his petition for post-conviction relief.

Additionally, it appears Nguyen may be seeking materials that are available from other sources. For example, "court filings, motions, responses, and orders" are publicly available and can be requested through the Clerk's Office. Likewise, Nguyen can request his "sentencing hearing transcripts" from the court reporter. Therefore, even without a court order, Nguyen has means of acquiring the records he needs to prepare his 2255 petition.

Therefore, IT IS ORDERED:

1. Nguyen's Motion to Compel Defense Counsel to Surrender the Case File in the Above Styled Action to the Defendant of the Case, Filing No. 39, is denied as premature.

Dated this 6th day of December, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[2] Rule 4(b) ("The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.").

[3] Rule 6(a) ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."); *Id.* Rule 6(b) ("A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission and must specify any requested documents.").